**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10392 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01054-CKJ-EJM-1 |
| v. | |
| JAIME MORALES-DOMINGUEZ, AKA Jaime Morales-Dominquez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Jaime Morales-Dominguez appeals from the district court's judgment and

challenges the 15-month consecutive sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morales-Dominguez argues that the district court procedurally erred by (1)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failing to explain adequately the sentence; (2) failing to consider the parties' arguments; (2) treating the Guidelines as mandatory; and (3) relying on impermissible sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court properly treated the Guidelines as advisory, considered the parties' arguments, and sufficiently explained its reasons for imposing the within-Guidelines sentence to run consecutive to the sentence imposed for conduct that triggered the revocation. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc); *see also* U.S.S.G. § 7B1.3(f). The record does not support Morales-Dominguez's claim that the district court relied on an improper sentencing factor.

Morales-Dominguez also contends that the sentence is substantively unreasonable in light of the alleged procedural errors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines, consecutive sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED**.